The opinion of the court was delivered by
Spencer, J.
At its Monroe term, 1878, this court affirmed the judgment of the district court in favor of plaintiff in the suit of Fair-child vs. McEnery. Our opinion and decree were delivered July 20; the 21st was Sunday. The court sat bn 22d, 23d, and 24th. The session on *163 Ü4th commenced at 6, and ended 6J o’clock, a. m., when the court adjourned sine die. At 9| a. m. oí 24th, the defendant, McEnery, filed a formal application for rehearing.
The relator, Fairchild, demands that the clerk send down to the court a qua our decree for execution, alleging its finality by reason of the application for rehearing being filed too late.
Two 'questions are presented:
1. At the country terms of this court, is any delay given by law for applications for rehearing ?
2. If so, had that delay expired when the said application was ■filed?
The first question arises out of the fact that the original article '911 of the Code of Practice, granting three days delay, is omitted from the Revised Code of 1870 ; and what was once a mere amendment thereto, relative to cases in New Orleans, has been substituted therefor. It is contended that therefore there is now no law granting delay for Tehearings except in cases tried in New Orleans.
We think the omission the result of inadvertency or carelessness ; ■and that the existence of the.right sufficiently results from other provisions of the Code. Thus article 913 provides that “ while the court is deliberating on this application (for rehearing), the three days allowed .for rendering a judgment final do not run.” Here is a clear enunciation that our judgments do not become final until after the lapse of three days. We gather from other provisions of the Code in analogous cases ■that these three days are judicial days. See arts. 911 and 558, C. P.
The second question is, must the 24th'July, as a judicial day, be considered as having expired at 6J o’clock a. m., the hour of the court’s adjournment? We think not; an application filed at any time on that day would have been clearly sufficient and in time had the court met again on the 25th. Why should there be any difference in the cases of an adjournment to the next day and one sine die ? In either case the party 'is entitled to three judicial days, but only three. If relator’s position be correct, the application would be too late in either case, if filed after the hour of adjournment. It is not now the practice to require applications ■for rehearing to be filed in open court. We therefore hold that the defendant had the whole of the third day to apply, and did so in time. 'The mandamus is refused at costs of relator.